874 P.2d 1019

**The STATE of Arizona, Appellee,**

v.

**Michael NMN WOOLBRIGHT, Appellant.**

No. 2 CA–CR 93–0535.

Court of Appeals of Arizona, Division 2, Department B.

May 17, 1994.

Grant Woods, Atty. Gen. by Paul J. McMurdie and Diane M. Ramsey, Phoenix, for appellee.

Law Office of David A. Aguilar by David A. Aguilar, Tucson, for appellant.

## OPINION

DRUKE, Chief Judge.

Appellant was convicted of second-degree murder following his shooting of a thirteen-year-old boy and was sentenced to an aggravated term of twenty-five years in prison. In the sole issue raised on appeal, he argues that the trial court improperly enhanced the sentence, treating the offense as a dangerous crime against children. We disagree and affirm.

Appellant was charged with the first-degree murder of M.G., "a person under the age of fifteen, in violation of A.R.S. §§ 13–1105, 13–703 and 13–710." The state also filed an "Allegation of Dangerous Nature of the Offense Charged" which stated:

> The County Attorney ... pursuant to A.R.S. § 13–604, alleges that in the event the defendant ... is convicted of any lesser offense included within Count One of the Information, that such offense is of a dangerous nature involving the intentional or knowing infliction of serious physical injury upon [M.G.] and/or the use or exhibition of a deadly weapon or dangerous instrument, to wit: a gun, in violation of A.R.S. §§ 13–604(F)(G) and (K), 13–701, 13–702, 13–801 and 13–804.

> The defendant is also put on notice that at the time of trial, the state may seek lesser included instructions and jury verdict forms on SECOND DEGREE MURDER (Dangerous Nature) and MANSLAUGHTER.

The state did not expressly allege that the crime was a dangerous crime against children, nor did it cite the relevant enhancement statute, A.R.S. § 13–604.01. Because of this, appellant contends, he was not put on notice of the state's intention to seek an enhanced sentenced under § 13–604.01, and the application of that statute was unlawful. Enhancement was also unlawful, he argues, because the allegation was not submitted to and decided by the jury. We disagree with both arguments.

The information cited, among other statutes, § 13–710, which prescribes the sentence to be imposed on a conviction for second-degree murder "[e]xcept as provided in ... § 13–604.01...." The information also states that the victim was a person under the age of fifteen years. Pursuant to § 13–604.-01, second-degree murder committed against a person under fifteen is a dangerous crime against children. The charging documents thus properly invoked § 13–604.01, application of the sentencing scheme established in

464

that statute was mandatory, and no separate allegation of dangerous crimes against children was required. *See State v. Smith,* 156 Ariz. 518, 753 P.2d 1174 (App.1987).

We also reject appellant's contention that an allegation of dangerous crimes against children must be determined by the jury. The statute contains no provision similar to § 13–604(K), which requires that enhancement allegations under that statute be "charged in the indictment or information and admitted or found by the trier of fact." It more closely resembles § 13–604.02, which enhances the sentence to be imposed on crimes committed while a defendant is on post-sentencing release status, and which has been construed to create a question for the trial judge to determine, not the jury. *State v. Nirschel,* 155 Ariz. 206, 745 P.2d 953 (1987); *State v. McNair,* 141 Ariz. 475, 687 P.2d 1230 (1984). Where an offense included in the list of dangerous crimes against children includes the age of the victim as an element of the crime, applicability of § 13–604.01 will result from the jury's verdict. *E.g.,* A.R.S. §§ 13–1410. In cases such as this, however, where the victim's age is not a constituent element of the offense, the trial court must make the requisite finding that the victim was under the age of fifteen. Such a finding was made here, and it is undisputed. Accordingly, the trial court properly sentenced appellant under § 13–604.01.

We have reviewed the entire record for fundamental error and have found none. We therefore affirm.

ESPINOSA, P.J., and HATHAWAY, J., concur.